UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DANIEL C. LABBE, #365896,

                Plaintiff,

      -against-

ANTHONY J. ANNUCCI, Commissioner, Corrections Supervision, Parole Supervisor, VERNON J. FONDA, Inspector General, JOHN DOES (10), JANE DOES (10), COMMUNITY SUPERVISION PAROLE,

                Defendants.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
16-CV-1487(JMA)(GRB)

**FILED
CLERK**

1/30/2017 3:42 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, District Judge:**

On March 23, 2016, then-incarcerated *pro se* plaintiff Daniel C. Labbe ("plaintiff") commenced this action against Anthony J. Annucci, Acting Commissioner, New York State Department of Corrections and Community Supervision ("Comm. Annucci"), Vernon J. Fonda, former Inspector General, New York State Department of Corrections and Community Supervision ("Insp. Fonda"), John Does (10), Jane Does (10) and Community Supervision Parole ("Parole") (collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") purporting to allege a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed *in forma pauperis* and an order to show cause seeking the entry of a temporary restraining order and preliminary injunction "requesting a stay away order" and to "be removed for [sic] the Suffolk County Correctional Facility located in Yahpank New York and placed in the care [of] Creedmoor Rehab Facility." (Dkt. Entry No. 1 at 1-2.) Plaintiff also seeks an order allowing him "to leave [the] facility for outside family counseling, family reunion, children, wife, parents for the hours of 9:30a.m. to 4:45 p.m." (*Id.*) In a letter dated June 25, 2016, plaintiff informed the Court that he has been released from prison and provided

1

the Court with a new address.

Upon review of the declaration accompanying plaintiff's application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted. However, the complaint is *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b) for the reasons that follow. Given the dismissal of the complaint, the application for a temporary restraining order and preliminary injunction is denied.

## I. BACKGROUND[1]

Plaintiff's complaint is submitted on the Court's Section 1983 complaint form with an additional forty-five (45) pages of attachments. Plaintiff alleges that he was raped by fellow inmates on April 15, 2015 while he was incarcerated at the Fishkill Correctional Facility. (Compl. at 5, 7.) According to the complaint, plaintiff never reported the rape while he was incarcerated because he was fearful of retaliation. Following his release and due to his "mental and physical state, [plaintiff] started using drugs landing me a quick violation, returning back to prison for a 4 month stay." (*Id*. at 7.)

When plaintiff was released on November 10, 2015, he "decided instead of using drugs to cope with my physical and mental injuries, I was going to seek help." (*Id.*) Accordingly, plaintiff alleges that he told his Parole Officer, L. Martinez, that he was raped in prison and that she "took no report at all." (*Id.*) Rather, plaintiff alleges that she "accused me of being a liar

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

and a homosexual, stating it is ok if you are Gay." (*Id* at 8.)   Plaintiff next saw "Mrs. Guadalupe, my PO's supervisor, [and] I has shared [] [with] her some of the things I was going through.   She suggested I get a mental health eval[uation.]" (*Id*.)   Plaintiff alleges that he told her that he "was waiting on my outpatient drug program to do so" (*Id*.)   When plaintiff next saw P.O. Martines, he had begun "inflicting self harm . . . to cope with the pain . . .by putting ciggarettes [sic] out on my head and cutting myself with razors." (*Id*.)   Although plaintiff reported what he was doing to himself to P.O. Martinez, and she allegedly saw his injuries, plaintiff claims she "never said a word and she just told me to report back in one week." (*Id*.)   According to plaintiff, "I was never offered any help by my parole officer or her supervisor.   I reached out to them numerous times and no help was provided." (*Id*.)

On January 27, 2016, plaintiff reported to parole and was violated having tested positive "for marijuana and other charges." (*Id*. at 9.)   On February 1, 2016, plaintiff claims he told his attorney, his parole officer, and the judge presiding at his preliminary hearing about the rape yet "still no report was taken." (*Id*.)   On March 8, 2016, plaintiff had his final revocation hearing at which "I was refused to be heard" and "[t]hey never reviewed any evidence or letters in support." (*Id*.)   The balance of the complaint is a collection of correspondence from plaintiff and responses he received. (*Id*. at 10-46.)   In the space in the complaint form that calls for the relief being sought, plaintiff wrote "none, unless state law authorizes such law suits." (*Id*. ¶ V, at 47.)

## II.   DISCUSSION

### A.   *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment

3

of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

**B.     Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A

4

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.   Section 1983**

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

**D.   Defendants are Immune from Suit Under the Eleventh Amendment**

The Eleventh Amendment bars plaintiff's claims against the defendants in their official

5

capacities. The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "'The reach of the Eleventh Amendment has . . . been interpreted to extend beyond the terms of its text to bar suits in federal courts against states, by their own citizens or by foreign sovereigns . . . .'" State Employees Bargaining Agent Coalition v. Rowland, 494 F.3d 71, 95 (2d Cir. 2007) (quoting W. Mohegan Tribe & Nation v. Orange Cnty., 395 F.3d 18, 20 (2d Cir. 2004)) (alterations in original). Thus, absent a state's consent to suit or an express statutory waiver, the Eleventh Amendment bars federal court claims against states. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

Eleventh Amendment immunity also extends to suits against state officers in their official capacities. See id. at 71, 109 S. Ct. 2304 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (internal citation omitted)); McNamara v. Kaye, No. 06-CV-5169, 2008 WL 3836024, at *8 (E.D.N.Y. Aug. 13, 2008) ("[L]awsuits against state officers acting [in] their official capacity and lawsuits against state courts are considered to be lawsuits against the state."); Whitfield v. O'Connell, 09-CV-1925, 2010 WL 1010060, *4 (S.D.N.Y. Mar. 18, 2010) ("[B]ecause Section 1983 does not abrogate a state's sovereign immunity and the State of New York has not waived its immunity, claims against the DOCS for both monetary and injunctive relief are barred under the Eleventh Amendment.") (citations omitted); Smith v. Paterson, 08-CV-3313, 2010 WL 4359225, *3 (S.D.N.Y. Nov. 3, 2010) ("Neither the fact that individuals and not the state are named as defendants in this action, nor the fact that plaintiff's characterize the nature of the relief sought as equitable, overcomes the

6

Eleventh

Amendment bar.") (citing Edelman v. Jordan, 415 U.S. 651, 666-68 (1974)).[2]

Here, Parole is a state agency and Comm. Annucci and Insp. Fonda are state officers. Accordingly, they are immune from suit under the Eleventh Amendment. James v. Suffolk Cnty. Corr. Fac., 13-CV-2344, 2014 WL 4659300, *5 (E.D.N.Y. Sept. 17, 2014) ("[T]he Division of Parole is a state agency entitled to Eleventh Amendment immunity") (citing Chapman v. New York, No. 11-CV-1814, 2011 WL 4244209, at *2 (E.D.N.Y Sept. 14, 2011) (dismissing claims against New York and New York State Division of Parole on Eleventh Amendment immunity grounds) (add'l citation omitted); Henrius v. Cnty. of Nassau, 13-CV-1192(SJF)(SIL), 2016 WL 1171598, *3-4 (E.D.N.Y. Mar. 24, 2016) (dismissing claims against Comm. Annucci as barred by the Eleventh Amendment); Banks v. Annucci, 48 F. Supp. 3d 394, 406 (N.D.N.Y. 2014) (same). Thus, because these defendants are a state agency and state officers and because New York state has not waived its sovereign immunity for suits under § 1983, these defendants are immune from

---

[2] "A plaintiff may sue a state official acting in his official capacity—notwithstanding the Eleventh Amendment—for prospective, injunctive relief from violations of federal law." State Emps. Bargaining Agent Coal. v. Rowland, 494 F.3d 71, 95 (2d Cir. 2007) (internal quotation marks and citation omitted). However, such claims may proceed only where there are allegations of an on-going violation of federal law. Id. Such is not the case here because plaintiff does not allege an on-going violation of federal law by a state official acting in his official capacity. Thus, the Ex parte Young, 209 U.S. 123 (1908), exception to Eleventh Amendment immunity does not preserve plaintiff's claims. Moreover, any claims plaintiff might have for injunctive relief concerning his incarceration, such as his requests that he be permitted to leave the facility and that he be transferred to a different facility, are moot because plaintiff is no longer incarcerated.

suit.[3]   Accordingly, plaintiff's claims against the defendants are not plausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii)- (iii), 1915A(b).   Given the dismissal of the complaint, plaintiff's claims do not have any likelihood of success and thus his request for injunctive relief is denied.

## III.   Leave to Amend

Given the Second Circuit's guidance that a *pro se* complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Upon such consideration, and in an abundance of caution, the Court grants plaintiff leave to file an amended complaint.   Plaintiff is advised that an amended complaint does not simply add to the original.   Rather an amended complaint completely replaces the original complaint and

---

[3] Moreover, plaintiff's sparse allegations against Comm. Annucci and Insp. Fonda do not include any actions or omissions attributable to either of them, and it thus appears that plaintiff seeks to impose liability on them merely based on the supervisory positions they hold.   Indeed, apart from the caption, neither of these defendants is again mentioned in the complaint.   "[E]ach defendant must have been personally involved in the alleged constitutional violation" in order to be held liable under Section 1983.   Tricoles v. Bumpus, 05-CV-3728, 2006 WL 767897, *3 (E.D.N.Y. Mar. 23, 2006) (citing Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in [the Second Circuit] that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal citation omitted); see also Gill v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987).   Plaintiff's claims against Comm. Annucci and Insp. Fonda are also implausible because plaintiff has not alleged their personal involvement in the alleged violations.

therefore it is important for plaintiff to include all necessary information that was in the first complaint in the amended complaint. **The amended complaint must be captioned as an "Amended Complaint", bear the same docket number as this Order, 16-CV-1487, and shall be filed within thirty (30) days from the date of this Order.** No summonses shall issue at this time. If plaintiff files an amended complaint within the time allowed, the Court will review it pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). If plaintiff fails to timely file an amended complaint, the complaint shall be dismissed with prejudice, judgment shall enter, and the case will be closed.

## IV.     Conclusion

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but his Section 1983 claims are *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii)-(iii), 1915A(b). Given the dismissal of the complaint, plaintiff's request for injunctive relief is denied. **Plaintiff is granted leave to file an amended complaint in accordance with this order within thirty (30) days from the date of this Order.** If plaintiff fails to timely file an amended complaint, the complaint shall be dismissed with prejudice, judgment shall enter, and the case will be closed. The Clerk of the Court is directed to mail a copy of this Order to the plaintiff at his last known address.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**                                              ___/s/ (JMA)_____
                                                             Joan M. Azrack
Dated:   January 30, 2017                                    United States District Judge
         Central Islip, New York